LEMMON, Judge.
Defendant has appealed from a judgment following a jury verdict which awarded plaintiff $12,000.00 in damages in connection with being manhandled, detained and arrested while shopping in defendant’s supermarket.
Plaintiff, a 65-year old man with no prior arrests, selected some oil and several hardware items and paid the cashier for them. When the bag tore as he was leaving the store, two chisels and a screwdriver fell through the bottom, he stooped over and picked up the items, placing them in his pocket. As he was straightening up, a man “dressed like a hobo or tramp” grabbed him. Thinking he was being robbed, plaintiff attempted to get away and was restrained by another man approaching from the rear. The two men dragged him by the collar of his jacket into a back room and searched him, without identifying themselves or questioning him about the purchased items. The men then held plaintiff in the room until the police arrived and took him to central lockup, where he was photographed, fingerprinted, arrested and jailed until his sister posted a bail bond. At his trial in municipal court, the charges were dismissed, because plaintiff had a receipt for the items he was accused of stealing.
Although an independent witness completely corroborated plaintiff’s version of the occurrence in the store, including the dropping of the items from the torn bag and the roughing up by the two men, the security guard insisted that plaintiff had placed the chisels and the screwdriver in his pocket before paying for the other items, that plaintiff did not remove the items from his pocket when he checked out, that he approached plaintiff beyond the checkout counter and immediately displayed his identification, and that plaintiff pushed him against a wall and reached for a knife before being subdued by the other security officer.
The jury apparently accepted plaintiff’s version of the occurrence and rejected that of defendant’s employee. However, defendant argues that the jury’s conclusion was manifestly erroneous in that no reasonable person would have kept the receipt in his shirt pocket while being arrested for stealing the items that he purchased. Defendant further argues that the receipt eventually produced in municipal court was suspect because, although it contained the date of the incident and the prices of the items purchased, it was torn off just below the total amount of purchase and did not contain the time of the transaction, as was usually shown on the bottom of defendant’s cash register receipts.
The reasonableness of a person’s actions and the quality of his documentary evidence are factors to be argued to the jury, which ultimately weighs all factors bearing on credibility. Plaintiff’s actions were not so unreasonable, nor was the receipt he produced so unacceptable, as to compel the conclusion that the jury’s resolution of the conflicting testimony was clearly wrong.
Under the version of the occurrence apparently accepted by the jury defendant’s employees did not have reasonable cause to believe plaintiff had committed a theft and furthermore did not act reasonably in detaining and questioning plaintiff.
As to damages, the parties stipulated that if plaintiff prevailed on the issue of liability, he was entitled without further proof to the following items of damages:
*1310 1. Attorney's fee paid by Louis Irvine in order to properly defend himself from the charges of theft and possession in the Municipal Court for the City of New Orleans $ 500.00
2. Damage to his clothing- — ripping of his sport coat 25.00
3. Interest lost by his sister, Mrs. Annie Mae Irvine Mitter, from her Savings Account when she had to withdraw therefrom the funds to post a cash bond for plaintiff, Louis Irvine (which was later repaid to Mrs. Mitter by Mr. Irvine) 2.00
4. Repayment to plaintiff for medication purchased by him as was prescribed by his doctor 36.00
5. X-rays taken of Mr. Irvine on directions of his doctor at the Baton Rouge Family Medical Center 75.00
6. Doctor bill paid to Dr. Trenton L. James for visits 24.00
7. Cost of transportation to New Orleans to attend Court sessions in the Municipal Court for the City of New Orleans, once for arraignment, once for trial of the criminal charge filed against him and to meet in the lawyer's, office on two additional occasions in order to prepare for the defense of the Municipal Court case 75.00
8. Award for physical injuries sustained by Louis Irvine at the time of his detention and/or arrest at Schwegmanns. 500.00
Total Stipulated Damages $1,237.00
The jury’s total award of $12,-000.00 for all damages, while perhaps generous, does not constitute an abuse of the much discretion accorded by C.C. art. 1934(3). See Graf v. McCrory Corp., 368 So.2d 1217 (La.App. 4th Cir. 1979). Furthermore, the record does not justify an increase in the award, as demanded in the answer to the appeal, and plaintiff’s demand for attorney’s fees for prosecuting a tort claim was also properly dismissed.

AFFIRMED.

REDMANN, J., dissents and assigns reasons.