393 So.2d 215 (1980)
Victor CASSEY et ux.
v.
ARNAUDVILLE INDUSTRIES, INC.
No. 13718.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Rehearing Denied January 26, 1981.
Ernest L. Johnson, Milton Osborne, Jr., Baton Rouge, for plaintiffs-appellants Victor Cassey and Margrett Cassey.
*216 John W. Swanner, Baton Rouge, for defendants-appellees Arnaudville Industries, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
In this redhibitory action plaintiffs-appellants, Victor Cassey and Margaret Cassey, appeal the ruling of the trial court awarding them a reduction of the purchase price of a mobile home in lieu of a rescission of the sale. Appellants further complain of the trial court's failure to award attorneys' fees. Appellee, Arnaudville Industries, Inc., answered the appeal claiming the trial court abused its discretion in awarding an excessive amount to the appellants.
Wellington Homes Sales Center, a division of Arnaudville Industries, Inc., sold a mobile home to appellants for $19,219.00 on November 1, 1978, which had to be specially ordered. Wellington Homes Sales Center was named as a defendant in the original petition but was never served with process. The seller is therefore not a party to this litigation between the buyer and the manufacturer.
Appellants listed twenty-seven (27) items or defects which rendered this mobile home useless. The most serious defect is that the roof "rumbled" and made excessively loud noise when the wind was blowing.
Appellee attempted to correct this defect without success on two occasions. The evidence establishes that this defect could be corrected by properly replacing the roof. The trial court held that this defect, along with five (5) other minor defects, were not sufficient for rescission and ordered a reduction in the amount of $4,262.70.
The pertinent Civil Code Articles on redhibition and reduction of price are as follows:
"Art. 2520. Redhibition, definition.

Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
"Art. 2543. Redhibition and reduction as alternative demands.
The purchaser who has contented himself with demanding a reduction of the price, can not afterwards maintain the redhibitory action.
"But in a redhibitory suit, the judge may decree merely a reduction of the price."
"Art. 2544. Rules governing action for reduction of price.
The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action."
Under a long line of jurisprudence starting with Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972), the action by the buyer against manufacturers is acceptable even without privity of contract. See Robertson, Manufacturers' Liability, 50 TLR 50 1975-76.
As Judge (now Justice) Dennis stated in Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82, 86 (La.App. 2nd Cir. 1975):
"Recently the Louisiana Supreme Court held that a consumer may recover from the manufacturer for pecuniary loss resulting from the purchase of a new automobile that proves unfit for use because of latent defects, even if there is no privity between the consumer and the manufacturer.... In a later case the court made it clear that the consumer's cause of action is for the most part governed by Civil Code principles pertaining to the redhibitory action...."
"There are apt to be conceptual difficulties in this marriage of the modern consumer protection policy and the redhibitory action, which was conceived in the context of a simpler market...."
The inconsistency herein occurs by the trial court's award of a reduction in the purchase price when there exists no contract with a purchase price between the buyer and the manufacturer. But the Civil Code does give that option to the trial court *217 and we agree with its action in this regard. When there is only a partial failure of consideration the trial judge has discretion to order a reduction of price instead of a rescission of the sale. One of the leading cases in this area is Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798, 802 (La. App. 1st Cir. 1975), in which this court reviews the jurisprudence in this matter, as follows:
"In every redhibitory action if the evidence establishes only a partial failure of consideration, a reduction in the purchase price may be granted to the buyer. See Ingersoll v. Star Chrysler, Inc., La.App., 234 So.2d 85 (4 Cir. 1970), writ refused 256 La. 365, 236 So.2d 499 (1970); Wolfe v. Henderson Ford, Inc., La.App., 277 So.2d 215 (3 Cir. 1973). See also LSA-C.C. Arts. 2541, 2543.
"In the Star Chrysler case, the Court said:
`In every redhibitory action if the evidence establishes only a partial failure of consideration the court has the power and duty to decree a quanti minoris, or a reduction of the purchase price.'
"The Court, in Henderson Ford, ruled:
`A decree of quanti minoris is responsive to an action for redhibition, being expressly authorized by LSA-C.C. Art. 2543. It follows that in every redhibitory action, the judge has the power and the duty, if he believes that the evidence establishes only a partial failure of consideration, to decree a quanti minoris.'
"In such a case, the amount of the reduction in price should be the difference between the actual purchase price and the price a reasonable buyer and seller would have agreed upon if they had both known of the defect. See Menville v. Stephens Chevrolet, Inc., supra; Tauzin v. Sam Broussard Plymouth, Inc., supra; Gauche v. Ford Motor Company, La.App., 226 So.2d 198 (4 Cir. 1969).
"In Stephens Chevrolet, in determining the amount of reduction to which the buyer was entitled, the Court said:
`The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.
`To prove the theoretical price to which the actual sale price should be reduced, a plaintiff attempts to establish the fair value as of the time of the sale, if the defects had been known. Evidence as to this theoretical value may consist of expert opinion testimony, of costs expended to place the thing in sound condition, or of other facts bearing on the reduced price a forewarned buyer would have paid and a seller with knowledge of the defects would have accepted. But in the final analysis the trier of fact cannot mathematically calculate what price the parties would have agreed to, if they had known of the defects; the trier must consider the overall evidence and, using limited discretion, must set a reduced sale price which fictionally represents the fair value at the time of sale.'"
In the instant case, the trial court did not abuse its discretion in finding that the defects were not sufficient for a rescission. The determination of reduction in price as stated in the Wade case, supra, was the cost to be expended to put the mobile home in sound condition. The court had before it estimates from a few hundred dollars to over five thousand dollars. It did not err in accepting the estimate of a local concern with experience in this type of repairs. The trial court's award was therefore not excessive.
The final issue is the court's denial of attorneys' fees to the appellants. We do not agree with the trial court's denial of attorneys' fees. Again quoting from the Smith case, supra:
"... We find, however, that one of the thorny problems, with which we were prepared to deal, viz., whether the manufacturer must pay attorneys' fees, has been resolved. It was established in Media Production Consultants, Inc. v. Mercedes-Benz *218 of N.A., Inc., supra, that the manufacturer may be held solidarily liable for performance of the dealer's obligations to restore the retail price and expenses of the sale as provided by Article 2531. In Rey v. Cuccia, supra, the Supreme Court held that in addition to his solidary obligations the manufacturer is liable to the consumer for attorneys' fees. This conclusion was based on the jurisprudential rule that the manufacturer is presumed to know of the defects in the thing made by him, and consequently, is liable under Article 2545 for damages and attorneys' fees, in addition to restitution of the price and repayment of the expenses of the sale...."
The trial court in its oral reasons for judgment stated that there was no evidence that showed the defendant knew or should have known of the defects. Under the jurisprudence, a manufacturer "is presumed to know of the defects of the thing which it manufactures and therefore is deemed to be in bad faith." Alexander v. Burroughs Corp., 359 So.2d 607, 609 (La. 1978). See also Rey v. Cuccia, 298 So.2d 840 (La.1974). Under Civil Code Article 2545, "(T)he seller, (manufacturer) who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Appellants are therefore entitled to collect attorneys' fees. La.C.C. art. 2544. The judgment of the trial court is amended to grant appellants an additional amount of One Thousand, Two Hundred and No/100 ($1,200.00) Dollars for attorneys' fees for work performed in the trial and appellate courts.
For these reasons, the judgment of the trial court is amended and affirmed at appellee's costs.
AMENDED AND AFFIRMED.