397 So.2d 868 (1981)
Herbert O. JOHNSON
v.
SCHWEGMANN BROS.
No. 11972.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
*869 McDonough & McDonough, Birch P. McDonough, New Orleans, for plaintiff-appellee.
C. Monk Simons, III, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and McBRIDE, JJ.
EDWARD J. STOULIG, Judge Pro Tem.
Defendant, Schwegmann Bros. Giant Super Markets, Inc., has appealed a judgment awarding plaintiff Herbert Johnson $1,000.00 in damages for wrongfully detaining plaintiff in connection with a suspicion of theft incidentshoplifting. Plaintiff answered the appeal, seeking an increase in quantum.
On January 9, 1979 plaintiff bought a 69-cent bag of ice from the Schwegmann store on Broad Street in New Orleans but failed to follow the customary checkout procedure. While waiting in line to pay for the merchandise, plaintiff noticed the cashier was waiting for the approval of a check given by a customer who was ahead of him in the line. Apparently the supervisor with authority to approve the check was in another part of the store. When he saw the line was not moving, he told the cashier he was in a hurry and asked her to accept one dollar, which was more than the value of the ice, so that he could leave. She agreed.
When plaintiff reached the parking lot two security officers employed by Schwegmann stopped him to ask if he had paid for the ice. He could not produce a receipt but volunteered to return to have the cashier verify his payment. The three returned to the cashier who did vouch for the truthfulness of plaintiff's statement. All agree on these facts; what happened later is disputed.
As plaintiff and his witnesses tell it he was forcibly detained in Schwegmann's security office after the cashier had confirmed his payment for the merchandise. As the defendant's employees explained it plaintiff became abusive, caused a disturbance, threatened to sue and insisted that he be taken to the manager in order to complain about the incident. He voluntarily accompanied the security guards to the office for this purpose.
The trial judge resolved the credibility issue in plaintiff's favor and we can find no basis for concluding this factual finding to be manifestly erroneous or clearly wrong. Therefore, under the rules of appellate review expressed in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we are required to accept the factual finding of the trial court to the effect that plaintiff was detained by defendant's employees after all doubt was removed that he had in fact paid for the ice he was suspected of stealing. Until the cashier vouched for his payment the Schwegmann employees were acting within the permissible scope of C.Cr.P. art. 215 which provides in part:
"A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
"A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest."
*870 This section permits the storeowner to protect his property if the person detained acts in such a manner to create suspicion of theft in the mind of a reasonable man. C.Cr.P. art. 215 Comment (e) points out the storeowner acting reasonably is immune from civil liability. In Brown v. Hartford Ins. Co., 370 So.2d 179 (La.App. 3rd Cir. 1979) the court held the storeowner's liability rests on the reasonableness of the actions of the store employees under the circumstances and not on the guilt or innocence of the victim.
In the case before us the defendant's employees could no longer claim the immunity afforded by C.Cr.P. art. 215 once it was established there was in fact no theft of Schwegmann's merchandise. Detention beyond the point of plaintiff's exculpation was wrongful.
Plaintiff answered the appeal seeking an increase in damages to $3,500.00. We find no abuse of the "much discretion" in assessing damages vested in the trial court by C.C. art. 1934(3) and therefore the award of $1,000.00 is affirmed.
For the reasons assigned the judgment appealed from is affirmed, and appellant is to bear all costs of the appeal.
AFFIRMED.