LEAR, Judge.
Plaintiffs, Nabil Saad and his wife, Gertrude Prince Saad, filed this suit seeking damages for breach of contract and a reduction in the purchase price of a house which they bought from defendants, Jan David Anderson and his wife, Jane Barrett Anderson. Defendants answered, generally denying the allegations of plaintiffs’ petition and further averring that the defects were apparent. At the close of trial, the district court rendered judgment in favor of plaintiffs in the sum of $60.00 on the demand for breach of contract and granted a $4,960.00 reduction in the purchase price of the home. The trial court also assessed expert witnesses’ fees in the sum of $750.00 and awarded plaintiffs $1,500.00 attorneys fees. Defendants then moved for a new trial, which was subsequently denied. Defendants have suspensively appealed to this court; and plaintiffs have answered the appeal, seeking increases in the reduction of the purchase price and attorneys fees.
The act of sale of the house in question was passed on July 24, 1978. The purchase price was $83,400.00. Prior to the sale, plaintiffs had inspected the home on two occasions. On these two occasions, plaintiffs had noticed various minor defects. In *190 the purchase agreement, defendants agreed to correct these defects. The trial court concluded, and the record supports, the fact that the only defect included in that list not to be repaired were some gaps in the wall alongside the fireplace.
Shortly after moving in, plaintiffs began to experience more substantial problems with the house. These problems allegedly involved (1) an exterior wood deck which connects to the rear of the house, (2) a water leak in the chimney, (3) voids in the exterior mortar joints, (4) a large crack in the driveway and defects in the garage, (5) an odor emanating from the dining room floor, (6) an unlevel floor in the breakfast room, (7) lack of sufficient support rafters in the attic, (8) water-damaged carpet in the living room, and (9) lack of drainage in the back yard. After failing in their efforts to have defendants repair the alleged defects, plaintiffs filed the instant suit for a reduction in the purchase price, as well as for breach of contract for the defendants’ alleged failure to repair the items included in the purchase agreement.
At the close of trial, the trial court ruled that defendants had breached the purchase agreement by failing to repair the gaps at the side of the fireplace. The trial court determined that the cost to repair these gaps would be $60.00 and awarded that amount as damages. The trial court also awarded plaintiffs a reduction of $4,960.00 in the purchase price of the house based upon the following redhibitory defects and costs of repairing same:
(1) Exterior wood deck.$1,000.00
(2) Drainage problem under deck . 400.00
(3) Water leak in chimney. 200.00
(4) Voids in mortar joints. 350.00
(5) Crack in driveway and miscellaneous defects in garage. 1,950.00
(6) Unlevel floor in breakfast room. 700.00
(7) Added rafter support in attic. 100.00
(8) Water-damaged carpet in living room 360.00
TOTAL .$5,060.00[1]
The trial court also concluded that Mr. Anderson was the builder of the home and, thus, was liable for attorneys fees of $1,500.00 under Article 2545 of the Louisiana Civil Code. The trial court expressly found that plaintiffs had not proven that the problem with the dining room floor and the back yard drainage were redhibitory defects. Hence, he disallowed a reduction based upon these items.
The issues before this court on appeal are:
(1) Did the alleged redhibitory defects exist at the time of the sale of the house?
(2) Did the trial court err in finding that the defects were not discoverable by “simple inspection” within the meaning of Louisiana Civil Code Article 2521?
(3) Did the trial court err in finding that Mr. Anderson was the builder of the house and, as such, liable for attorneys fees under Article 2545?
(4) Did the trial court err in not allowing a greater reduction based upon the defect in the wooden deck and in disallowing any reduction based upon the back yard drainage problem?
(5) Are plaintiffs entitled to an increase in attorneys fees for services rendered on appeal?
On appeal, defendants contend that plaintiffs failed to prove that the alleged defects existed at the time of the sale of the house. It is well established that a successful plaintiff in a redhibitory action must prove, inter alia, that the alleged defect or defects existed at the time of the sale. La.Civ.Code art. 2530; Moreno’s, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Ball v. Ford Motor Company, 407 So.2d 777 (La.App. 1st Cir. 1981). The trial court’s conclusion on this factual issue should not be disturbed unless a review of the entire record reveals that it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Ball v. Ford Motor Company, supra.
*191 In the instant case, the record supports the trial court’s finding that the defects existed at the time of the sale. The testimony of Mr. W. J. Evans, an architect, stipulated by the parties to be an expert in the field of home construction and repairs, indicated that all of the defects resulted from poor construction. Mrs. Saad also testified with respect to certain defects, that Mr. Anderson had told her about them and promised to repair them. The testimony of Marge B. Mackey, the real estate agent who brought the parties together, corroborated Mrs. Saad’s testimony in this latter respect. Under these circumstances, the record reveals a reasonable factual basis for the trial court’s conclusion and that conclusion is not clearly wrong. See Arcene aux v. Domingue, supra.
In addition to proving that the defect or defects existed at the time of the sale, plaintiff in a redhibitory action also has the burden of establishing that the defects were not apparent, i.e. they were not discoverable by “simple inspection”. La. Civ.Code art. 2521. In the instant case, the trial court found that the defects were not apparent. The testimony of Mrs. Saad that she and her husband inspected the house on two occasions and did not notice defects, other than those included in the list in the purchase agreement, supports the trial court’s conclusion. Mrs. Saad further testified that the defects did not appear until after plaintiffs had already moved into the house. Ms. Mackey also testified that she did not notice the defects prior to the sale, except for those which defendants promised to repair. Hence, the trial court’s conclusion is not clearly wrong. See Arceneaux v. Domingue, supra.
Defendants also contend that the trial court erred in finding Mr. Anderson to be the builder of the home and, as such, liable for attorneys fees under Louisiana Civil Code Article 2545.[2] The builder of a home is presumed to know its vices and thus is liable for attorneys fees under Article 2545. Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952); Brown v. Dauzat, 157 So.2d 570 (La.App. 3rd Cir. 1963).
In the instant case, the trial court found that the pleadings had been enlarged by evidence at trial which established that Mr. Anderson was the builder of the house in question. On appeal, defendants argue that, in fact, J. D. Anderson, Ltd., a corporation, was the builder of the house. However, there is no evidence in the record which would suggest that the corporation rather than Mr. Anderson personally was the builder. In fact, Mr. Anderson’s own testimony indicated that he was the builder of the house. Mr. Anderson testified on direct examination as follows:
“Q. How many homes have you built in the last five years to your knowledge?
A. Approximately twenty.
Q. In all those constructions, have you ever had any problems such as this?
A. No.
Q. Mr. Anderson, the home in question here, was that built by you to reside in or on speculation?
A. It was supposed to be to reside in.
Q. And what was the reason for you to sell the home?
A. To move to another home I’d built.
Q. Was the new home — was it more expensive, larger?
A. Yes.
Q. The home in question, was it designed by an architect?
A. Yes.”
Our review of the record indicates that the trial court’s finding that Mr. Anderson is the builder of the house is not clearly wrong. Accordingly, we affirm its ruling that plaintiffs are entitled to attorneys fees under Article 2545.
In their answer to defendants’ appeal, plaintiffs contend that they are enti- *192 tied to an increase in the sum awarded by the trial court as a reduction in the house’s purchase price. Specifically, plaintiffs argue that they are entitled to $3,200.00 rather than the $1,000.00 awarded for repair of the wooden deck, and that they are entitled to $2,000.00 to rectify the back yard drainage problem.
Mr. Evans estimated that the services and materials necessary to repair the defects in the wooden deck would be $3,200.00. However, in its oral reasons, the trial court stated that it did not believe that all the work suggested by Mr. Evans would be necessary to repair the deck. Instead the court concluded that the less extensive repairs mentioned by Mr. Evans under cross-examination would be sufficient. The court accepted Mr. Evans’ estimate of $1,000.00 for these more limited repairs. In so doing, the trial court did not abuse the broad discretion with which it is vested in assessing the amount of a reduction in the purchase price of the thing sold. See Lemoine v. Hebert, 395 So.2d 353 (La.App. 1st Cir. 1980); Cassey v. Arnaudville Industries, Inc., 393 So.2d 215 (La.App. 1st Cir. 1980).
The trial court also concluded that the drainage problem caused by a low spot in the back yard was not a defect. The trial court obviously believed that the low spot did not serve to “diminish the value” of the thing purchased by plaintiffs. See La. Civ.Code art. 2541. We do not believe the trial court was clearly wrong in so finding.
Plaintiffs also request an increase in attorneys fees for services rendered on appeal. However, because plaintiffs sought additional relief on appeal, i.e. an increase in quantum, which was denied at the trial level and is denied on appeal, they are not entitled to an increase in attorneys fees for services rendered on appeal. Kleas v. Mayfield, 404 So.2d 500 (La.App. 3rd Cir. 1981); Hebert v. Aetna Casualty and Surety Company, 400 So.2d 695 (La.App. 1st Cir. 1981).
As we noted earlier, the amount of the reduction awarded by the trial court does not agree with the amount specified in the signed judgment. This difference of $100.00 is obviously a clerical error made by the party who prepared the judgment. We are vested- with the authority to correct clerical errors in the trial court’s judgment on appeal. See La.Code of Civ.Proc. art. 2164; Jackson v. East Baton Rouge Parish, 331 So.2d 64 (La.App. 1st Cir. 1976). Accordingly, we will amend the trial court’s judgment to increase the amount awarded for reduction in the purchase price from $4,960.00 to $5,060.00.
For the foregoing reasons, the judgment of the trial court is amended to increase the award to plaintiffs for reduction in the purchase price from $4,960.00 to $5,060.00. In all other respects, the judgment of the trial court is affirmed. Costs of appeal are to be borne by defendants.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.

. As can be seen from our total of the trial court’s award, the signed judgment awarding $4,960.00 is $100.00 less than the amount actually awarded by the trial court in its oral reasons.

. Article 2545 provides:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”