LEAR, Judge.
This action arises from an automobile accident on August 8, 1979,[1] in which a truck driven by an insured of defendant-appellee, Allstate Insurance Company, came into contact with an automobile driven by plaintiff-appellant, Marian R. Gardner, while both vehicles were being parked at a private residence. This suit was instituted for damages purportedly sustained as a result of this contact.
Trial was held before a jury, and verdict was rendered in favor of defendant-appel-lee. Judgment was signed accordingly, from which plaintiff-appellant has timely perfected this appeal.
The facts concerning the manner in which the accident occurred are disputed, and the jury’s finding of fact is raised as the issue on appeal.
Immediately prior to the accident appellant had opened her door and placed one foot on the ground; as a result, when contact was made with the insured’s vehicle, appellant’s leg was trapped in the door frame. The primary issue at the trial con *1381 cerned the manner in which the contact between the vehicles was made, there being considerable conflict in the testimony as to what happened in the parking area.
It was established that appellant was in the process of getting out of her parked car when her car door was struck by the truck driven by the insured. Appellant contended that appellee’s insured backed into her while she was leaving her vehicle. Appellee contended that appellant opened her door into the path of an already moving vehicle.
Appellant’s testimony at trial conflicted with a prior version related by her in a deposition, and a passenger in appellant’s car also testified at the trial at variance to facts related in her deposition. Although these variations in the testimony related to the relative positions of the vehicles and not as to the resulting collision, defense counsel used these inconsistencies in characterizing appellant’s credibility.
At trial, appellee argued that its insured was not negligent in the operation of her vehicle, or, in the alternative, if the jury found that the insured was negligent, then appellant was contributorily negligent and/or assumed the risk of her conduct by failing to maintain a proper watch.
Appellant submits that the only issue on appeal is whether or not her actions constituted contributory negligence so as to bar her recovery.
Appellant argues that the jury must have found that she was contributorily negligent because there was no other justification for the verdict. She further argues that there was no evidence to support a finding of contributory negligence, and therefore the jury’s verdict was error.
The jury verdict is in general form and states merely that the finding was in favor of defendant-appellee.[2] 'There is no indication that appellant was found contributorily negligent. It is quite possible, however, that the jury found as a fact that the defendant-appellee’s insured was not negligent; if so, there would have been no necessity for finding contributory negligence on appellant’s part in order to support the verdict.
It has long been a principle of Louisiana jurisprudence that a judgment of the trial court on questions of fact will not be disturbed on appeal unless shown to be manifestly erroneous. Although the courts of appeal have full and complete jurisdiction to review facts in civil proceedings (La. Constitution, Art. 5 § 10(B)), findings of fact are entitled to great weight. The appropriate standard of review, expressed in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), is defined as a two part test: the record of the proceeding must reveal a reasonable factual basis for the finding of the trial court, and a further determination that the finding is not “clearly wrong”. (365 So.2d at 1333).
The record of this action does not evidence a basis for reversal of the jury verdict. The jury had a reasonable factual basis in appellee’s insured’s testimony to find that she was not negligent in the operation of her vehicle; conversely, if the jury did find that the insured was negligent, there is a factual basis for the lower court to find that appellant contributed to the legal cause of the accident by failing to maintain a proper lookout for danger. Appellant, in fact, testified that if she had looked, she would have seen defendant’s vehicle approaching.
Appellant argues that the negligence of appellee’s insured was the sole.legal cause of the accident and, therefore, that the jury verdict was in error. Nowhere in his brief does counsel for appellant argue that the verdict was clearly wrong or manifestly erroneous.
It is possible that the jury found that the testimony of the appellee’s insured was more credible than that of appellant. In light of the fact that appellant contradicted *1382 her prior testimony at the trial, as did her principal witness, it does not appear that the jury’s finding was clearly wrong.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs, both at trial and on appeal, are to be paid by plaintiff-appellant.
AFFIRMED.

. The cause of the suit arose on August 8, 1979, prior to the effective date of Act 431 of the 1979 legislature amending Civil Code Article 2323 to provide for comparative negligence.

. Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982); Steele v. St. Paul Fire & Marine Insurance Company, 371 So.2d 843 (La.App. 3rd Cir.1979); Brown v. Hartford Insurance Company, 370 So.2d 179 (La.App. 3rd Cir.1979); Bolden v. New Orleans Public Service, Inc., 349 So.2d 377 (La.App. 4th Cir.1977).