452 So.2d 771 (1984)
Ethel M. BENDER
v.
SCHWEGMANN BROS. GIANT SUPERMARKET, INCORPORATED.
No. CA-1230.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1984.
W. Keith Hurtt, Jr., Metairie, for plaintiff-appellee.
Ralph S. Johnson, New Orleans, for defendant-appellant.
Before BARRY, AUGUSTINE and CIACCIO, JJ.
AUGUSTINE, Judge.
Plaintiff Ethel M. Bender brought this action for damages against Schwegmann Brothers Giant Supermarkets, Inc. on the allegation that the defendant's employees falsely arrested her on July 5, 1982. The case was tried before a twelve-member jury and the defendant was found liable in *772 the amount of $9,000.00. Schwegmann now brings this appeal, urging reversal on the question of liability and, alternatively, contending that the damages awarded to the plaintiff were excessive. For the following reasons, we affirm the judgment.
False arrest and imprisonment occur when one arrests or restrains another against his will without a warrant or other statutory authority, Kyle v. City of New Orleans, 353 So.2d 969 (La.1977), and it is fundamental that custodial arrest of a shoplifter by a merchant is without statutory authority unless predicated upon reasonable cause to believe that the arrestee has committed theft. La.C.Cr.Pro.Art. 215.
Thus, the primary issue in this case is largely a factual one:
Did the defendant's security guard have reasonable cause to arrest the plaintiff on July 5, 1982?
The jury did not think so, and the defendant's liability must therefore be affirmed unless the jury's determination is manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). See also Johnson v. Schwegmann Bros., 397 So.2d 868 (La.App. 4th Cir.1981). Where the outcome at trial turns on the credibility of witnesses, appellate courts are reluctant to substitute their own judgment for that of the jury. Such is the case here.
According to the defendant, when plaintiff Bender entered the Schwegmann store shortly before 8:30 a.m. on July 5, 1982, she began disturbing store personnel and other customers by talking in a "loud and boisterous" manner. One of Schwegmann's security guards, Bobby Bridges, believed her to be a certain Edna Hahn, whom he had arrested for shoplifting two months earlier. The store manager, Robert Snyder, thought he recognized Bender as one who had caused disturbances in the supermarket on several previous occasions. As these Schwegmann witnesses testified, Bridges approached Bender and told her to leave the store because of the earlier arrest for shoplifting. As a result, the plaintiff became louder and refused to leave. When Bridges threatened to call the police, the plaintiff responded, "Send me to jail." Bridges and Snyder then escorted Bender to the security office, where she was detained until New Orleans police arrived a short time later. The plaintiff was then placed in the rear of a marked police car and driven to Central Lock-Up, where she was booked on a charge of trespassing.
The plaintiff's version of this episode is radically different. She contends that she has never created a disturbance in the store, that she has never shoplifted, and that she was not acting in a boisterous or disruptive manner on the day she was arrested. Bender also specifically denied having been asked to leave the store, and she contends that she was arrested immediately and without warning solely because, as security guard Bridges told her, she was believed to be Edna Hahn, who had been told to never return to Schwegmann's because of a shoplifting incident in early May.
In resolving this dispute, we note that Schwegmann does not seriously contend that the plaintiff is the same Edna Hahn who had been arrested for shoplifting on May 6, and we are satisfied that Schwegmann's security guard and manager were mistaken in thinking that she was. The appellant contends, however, that Bender was not arrested because of shoplifting, but because she refused to leave the store when requested to do so. Appellant contends that Schwegmann's employees had an unqualified right to demand that Bender leave the premises, and that Bender's refusal furnished independent grounds to arrest her for criminal trespass under La.R.S. 14:63.3.
Faced with a similar contention in State v. Johnson, 381 So.2d 498 (La.1980), the Supreme Court of Louisiana stated that
"(T)he statute under review (La.R.S. 14:63.3, criminal trespass) makes it an offense merely to remain on the premises of another following a request to leave even though the party asked to leave is creating no distrubance and his intentions *773 may be entirely peaceable and lawful. Pursuant to the statute, the mere whim or wish of the owner that the other party leave, for any reason, or no reason whatsoever, gives rise to the offense if this request to leave is unheeded." Id. at 500.
In the present case, however, Bender explicitly denied having been told or requested to leave the Schwegmann store on July 5. The verdict in her favor signifies that the jury believed her account of the incident rather than that told by Schwegmann's employees. Bender's testimony is not demonstrably false; we cannot say that the jury committed manifest error in believing her. Accordingly, we must affirm the finding of liability.
We also affirm the judgment with respect to quantum. As our Supreme Court stated in Coco v. Winston, Industries, Inc., 341 So.2d 332, 335 (La.1976), "before a Court of Appeal can disturb an award made by a trial court ... the record must clearly reveal that the trier of fact abused its discretion in making its award." (Emphasis supplied). See also Reck v. Stevens, 373 So.2d 498 (La.1979).
We find no clear abuse of discretion in the present case. Accepting Bender's account as true, the defendant's employees subjected the plaintiff to rudeness and public indignities at the time of her arrest. Moreover, talk of Bender's arrest was spread throughout her neighborhood, where she enjoys a good reputation for law-abiding conduct and community service. The consequent embarrassment and humiliation before her peers is a remediable harm in this action. Hughes v. Standidge, 219 So.2d 6 (La.App. 4th Cir.1969).
In addition, the incident aggravated a pre-existent nervous condition for which Bender had already been on medication. She testified that for many weeks following her July 5 arrest, she experienced extreme nervousness and had great difficulty in falling asleep.
Considering all of the above in addition to the fundamental harmwrongful deprivation of libertywe do not think the jury clearly abused its discretion in awarding the plaintiff $9,000.00.
For the reasons assigned, the judgment is affirmed in all respects.
AFFIRMED.