477 So.2d 143 (1985)
Leroy BURGESS
v.
CITY OF BATON ROUGE, et al.
No. 84-CA-0783.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*144 Cyrus Greco, Baton Rouge, for plaintiff-appellee Leroy Burgess.
Harry L. Shoemaker, III, Asst. Parish Atty., Baton Rouge, for defendants-appellants City of Baton Rouge and William Broadhurst.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
On April 27, 1981, the plaintiff, Leroy Burgess, accompanied by his wife, sought emergency medical treatment at Baton Rouge General Hospital for acute abdominal pain. While Mr. Burgess was waiting to see the doctor, an ambulance carrying an accident victim arrived at the emergency room of the hospital. The nurse on duty requested all patients awaiting treatment to clear the hallway so that the ambulance driver could bring the injured person in. Mr. Burgess made some chance remark which apparently irritated the ambulance driver, and the latter, on the way back to his vehicle, confronted plaintiff and said to him, "You don't talk to white folks like that."
As Mr. Burgess re-entered the waiting room, the ambulance driver walked quickly past him and returned moments later with Officer Broadhurst of the Baton Rouge Police Department. Defendant Broadhurst came up to Mr. Burgess, pushed him and said, "Nigger, get out." Plaintiff tried to explain, to no avail, using his hands to protect his painful abdomen as Broadhurst continued to push at him. The driver then grabbed Mr. Burgess around the neck from behind and held his arms as Broadhurst struck him about the abdomen and body.
Plaintiff was then placed under arrest, handcuffed, and taken outside. There defendant Broadhurst hit plaintiff's head against an exterior wall of the hospital. Mr. Burgess was detained at the hospital for a period of time before being transported to the city jail where he was charged with simple battery on defendant Broadhurst. Later, his wife posted bond and plaintiff returned to the hospital for treatment. *145 He underwent surgery for removal of an inflamed appendix. Subsequently, he suffered headaches from having his head pushed against the wall.
Plaintiff brought this suit for false arrest, assault and battery, pain, suffering and attorney's fees. He named as defendants the City of Baton Rouge and its insurer; Officer Broadhurst; the ambulance company and its insurer; and the ambulance driver. The City of Baton Rouge had no insurer, and the ambulance driver could not be located for service of process. As a result the suit was prosecuted against the City and its employee, Officer Broadhurst.
Bench trial was held on June 29, 1983, with judgment for plaintiff. The court awarded him $6,000 for false arrest, $4,000 for the torts of assault and battery, $1,500 for pain and suffering, and $3,500 for attorney's fees. The award for attorney's fees was made under 42, U.S.C.A. § 1983. See also Hughes v. Livingston Parish School Board, 459 So.2d 10 (La.App. 1st Cir.1984) cert. denied, 462 So.2d 1250 (La. 1985), and cases cited therein.
The City appealed, raising three assignments of error: First, that a motion for continuance should have been granted due to the absence of another police officer who was present at the hospital that night; second, that the trial court erred in finding no probable cause for Officer Broadhurst to arrest Leroy Burgess; third, that the award of damages was excessive. Plaintiff answered the appeal, asserting that the award was too low and that it should be raised from a total of $11,500 to $25,000, plus an additional attorney's fee for the appeal in the amount of $1,500.

CONTINUANCE
Counsel for defendant urges that since the other police officer's absence at trial was uncontrived, a continuance was required under the peremptory grounds of LSA-C.C.P. Art. 1602, which provides:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due dilligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
Under Art. 1602, the granting of a continuance is mandatory. McCaleb v. Department of Public Safety, 309 So.2d 748 (La.App. 4th Cir.1975). But, under Sather v. White, 388 So.2d 402 (La.App. 1st Cir. 1980), certain conditions must be met:
The material witness must have absented himself contrary to the wishes of the party seeking a continuance. That a subpoena has been issued is not alone a sufficient basis to invoke Art. 1602. Loicano v. Maryland Casualty Insurance Company, 301 So.2d 897 (La.App. 4th Cir.1974). Materiality of the missing evidence must be demonstrated. Gallin v. Travelers Insurance Company, 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (1976). The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir.1973).
388 So.2d at 403.
These tests were not satisfactorily met in the case at bar. The Police Officer in question, Willie Vick, an employee of the City of Baton Rouge, was on an approved vacation at the time of trial. Since the City had to grant permission for this absence, the absence cannot be characterized as contrary to the City's wishes. The subpoena was timely issued, but timeliness alone is not sufficient reason to invoke the article. Finally, there was no substantial showing that Officer Vick's absence could make a critical difference, other than a mere assertion to that effect by counsel.
The City was less than sufficiently diligent in obtaining Officer Vick's testimony. At a pretrial conference on January 18, 1983, and in a status conference on April 14, 1983, defense counsel made no mention of this particular witness. It was only on June 17, 1983, twelve days before *146 trial, that he included Officer Vick on his subpoena list. Failing to obtain service, he went to trial with a request for continuance. Short notice on the subpoena request coupled with a late motion for continuance are grounds for denial. Perigoni v. McNiece, 262 So.2d 407 (La.App. 4th Cir. 1972); Thompson v. Warmack, 231 So.2d 636 (La.App. 3rd Cir.1970). Accordingly, the trial court was not required to grant the motion to continue under Art. 1602.
The court could have continued the case under its discretionary authority found in LSA-C.C.P. Art. 1601. However, the trial docket was so overloaded that this case would have been delayed for a full year. Since defendants could show no compelling reason to delay the case in deference to Officer Vick's vacation, the court declined to do so. We agree with the court. This assignment of error concerning the motion for continuance is without merit.

PROBABLE CAUSE
Defendants contend that the trial court was in error when it held that Officer Broadhurst had no probable cause to arrest Leroy Burgess. Five witnesses testified that Officer Broadhurst was the aggressor. In his reasons for judgment, the judge commented on the manner and the consistency of their testimony. He was impressed by the fact that strenuous cross-examination failed to alter their version of the arrest. In contrast to this was defendant's uncorroborated testimony that Mr. Burgess attacked him for no apparent reason. Broadhurst admitted that he had never met plaintiff before and that he had no personal animosity toward him. The judge concluded:
If the Court were to believe Officer Broadhurst's position, it would have to believe that this man who is at a hospital because he is suffering sees a much larger and much taller officer come out of a door and while in pain, without reason, attacked the officer who, according to the officer, is armed ... Here is a sick man, a small man, no prior contact, who immediately sees an armed officer and attacks him. That's what I would have to believe if I believe his testimony.
The judge concluded that Officer Broadhurst was the aggressor and had made the first contact. On this basis he ruled there was no probable cause for the arrest.
The legal standard to be applied when reviewing a court's decision is set out in Gardner v. Allstate Insurance Company, 422 So.2d 1380 (La.App. 1st Cir.1982), cert. denied, 432 So.2d 265 (La.1983):
[T]he record of the proceeding must reveal a reasonable factual basis for the finding of the trial court, and a further determination that the finding is not "clearly wrong."
422 So.2d at 1381.
We hold that there was adequate factual basis for the ruling and that the ruling was clearly right.
EXCESSIVE DAMAGES
The City of Baton Rouge and Officer Broadhurst contend that the awards made by the trial court were excessive. In his answer to the appeal, Mr. Burgess claims they were too low.
Plaintiff cites Irvine v. Schwegmann Bros. Giant Super Markets, Inc., 376 So.2d 1308 (La.App. 4th Cir.1979) cert. denied, 378 So.2d 1389 (La.1980), in which the court awarded a substantially greater amount than in the case at bar.
Plaintiff, a 65-year old man with no prior arrests, selected some oil and several hardware items and paid the cashier for them. When the bag tore as he was leaving the store, two chisels and a screwdriver fell through the bottom, he stooped over and picked up the items, placing them in his pocket. As he was straightening up, a man "dressed like a hobo or tramp" grabbed him. Thinking he was being robbed, plaintiff attempted to get away and was restrained by another man approaching from the rear. The two men dragged him by the collar of his jacket into a back room and searched him, without identifying themselves or *147 questioning him about the purchased items.
The men then held plaintiff in the room until the police arrived and took him to central lockup, where he was photographed, fingerprinted, arrested and jailed until his sister posted a bail bond. At his trial in municipal court, the charges were dismissed, because plaintiff had a receipt for the items he was accused of stealing.
376 So.2d at 1309.
It is true that the case at bar presents facts which are considerably worse. Mr. Burgess was not moving about leisurely at a grocery store. He was in serious pain and was seeking medical help. Not only was he arrested without cause and thereby delayed in obtaining treatment, he was beaten up, handcuffed, then was struck again. In addition to all this there was the blatant racial aspect of the attack.
The most unacceptable part of it, from plaintiff's point of view, however, was that he was brutalized by a police officer. In Irvine the perpetrators were private security guards, partially trained irregulars at best. Officer Broadhurst was an experienced Baton Rouge policeman who knew or should have known the legal requirements for a lawful arrest. This professional allowed himself to engage in totally reprehensible conduct. The trial judge said in his reasons for judgment:
I would also find, and I have never found this before, that the basis of the unlawful arrest and the tortious conduct was racially motivated. In effecting the unlawful arrest, Officer Broadhurst committed not one but two torts, one series of those in the initial arrest and a later tort against the plaintiff at a time when he was handcuffed and in custody, by forcing his head against the wall.... It is an uncalled for conduct, and it is tortious and it was under color of law when he was arrested.
This was not an ordinary or average false arrest. This one traced the limits to which a police officer can go. The damages suffered by plaintiff were excessive and severe. In the Irvine case, quoted above, a $12,000 award was considered fair. But awards in similar cases are not the basis on which an appellate court may review the determination of the trial court.
Before reaching that question we must consider whether the court abused its discretion in the matter. The mere fact that there have been greater or smaller awards in the same or similar circumstances is not justification to amend the court's finding. Other cases serve only as an aid in this regard. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
A careful reading of the record indicates no abuse of discretion by the trial court. From the plaintiff's side it can reasonably be said that the award is somewhat low, but $6,000.00 is well within the court's legitimate range for false arrest. We conclude, therefore, that the trial court committed no error.
The next award made by the trial court was for a series of torts constituting assault and battery, in the amount of $4,000. The court went on to award $1,500 for pain and suffering, and $3,500 attorney's fees. We find the court's judgment in these matters to be fair and evenhanded, and we affirm these awards.
Finally, plaintiff requests an increase in the amount of attorney's fees for the expense of this appeal. An increase in attorney's fees for services rendered on appeal is usually awarded when the defendant appeals and obtains no relief, and when the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal. Plaintiff, however, is seeking additional relief as an increase in damages. Under these circumstances we find that additional attorney's fees for services on appeal are not warranted. Saad v. Anderson, 416 So.2d 188 (La.App. 1st Cir.1982).
*148 All costs are taxed to defendants.
AFFIRMED.