LANIER, Judge,
concurring in part and dissenting in part.
I dissent from the amount awarded by the majority as a penalty attorney fee for the appeals in this case. In all other respects, I agree with the majority opinion.
In Burgess v. City of Baton Rouge, 477 So.2d 143, 147 (La.App. 1st Cir.1985), this panel of this court observed as follows:
An increase in attorney’s fees for services rendered on appeal is usually awarded when the defendant appeals and obtains no relief, and when the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney’s fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal.
In the instant case, the remand and the second appeal were occasioned, in part, by the failure of the appellee to insure that a complete copy of the insurance policy was filed in the trial court record. Balehi Marine, Inc. v. Firemen’s Insurance Company of Newark, New Jersey, 460 So.2d 16 (La.App. 1st Cir.1984), writ denied, 462 So.2d 654 (La.1984). In this factual posture, I believe the maximum penalty attorney fee that could be reasonably awarded for services on appeal would be $3,000. See, for example, Alleman v. Hanks Pontiac-GMC, Inc., 483 So.2d 1050 (La.App. 1st Cir.1985), writ denied, 485 So.2d 54 (La.1986) ($2,000); Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983) ($1,000); Champion v. Panel Era Manufacturing Company, 410 So.2d 1230 (La.App. 3rd Cir.1982), writ denied, 414 So.2d 389 (La.1982) ($1,000); Haynes v. Standard Fire Insurance Company, 370 So.2d 118 (La.App. 1st Cir.1979) ($1,500). The award of $5,000 is excessive.