381 So.2d 498 (1980)
STATE of Louisiana
v.
Phililer JOHNSON.
No. 65816.
Supreme Court of Louisiana.
March 3, 1980.
W. Orie Hunter, III, Johnston, Thornton, Dawson & Hunter, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Richard S. Feinberg, Asst. Dist. Atty., for plaintiff-respondent.
PAUL B. LANDRY, Justice Ad Hoc.
Supervisory writs were issued herein to review the nonappealable conviction of defendant Phililer Johnson of the offense of entering the premises of Continental Trailways bus station, Shreveport, Louisiana, in violation of La.R.S. 14:63.3(A) and his sentence to pay a fine of $100.50 and costs, or serve 10 days in jail, 60 days suspended jail sentence, and unsupervised probation for one year. The jail sentence and unsupervised probation are subject to the condition that defendant not reenter the bus station premises during the probationary period. We reverse.
La.R.S. 14:63.3(A) entitled "Entry on or remaining in places after being forbidden", pertinently states:
"A. No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure, watercraft, or any other movable, or immovable property, which belongs to another, including public buildings and structures, ferries, and *499 bridges, or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing, including by means of any sign hereinafter described, by any owner, lessee, or custodian of the property or by any other authorized person. For the purposes of this Section, the above mentioned sign means a sign or signs posted on or in the structure, watercraft, or any other movable, or immovable property, including public buildings and structures, ferries and bridges, or part, portion or area thereof, at a place or places where such sign or signs may be reasonably expected to be seen."
The facts are uncontroverted. On May 6, 1979, defendant entered the bus terminal premises at approximately 1:00 A.M., and remained thereupon without incident until approximately 2:15 A.M., at which time he left and went to his car parked across the street in a lot belonging to another establishment. As he was driving out of the lot, defendant's vehicle was blocked by an automobile driven by a security guard in the employ of Continental Trailways. Defendant was arrested and charged with the offense in question.
A. G. Sims, Jr., a member of the Shreveport City Police Department, was serving as off duty security guard at the bus terminal on the day of the alleged offense. He was seated in his automobile parked across the street from the bus station. While he did not see defendant enter the premises, he noted defendant's presence inside the station at about 1:00 A.M. Sims kept defendant under visual observation because he had personally on several prior occasions warned defendant to keep away from the terminal and not reenter the premises for any reason whatsoever. During the period of observation Sims did not speak with defendant. At approximately 2:15 A.M., Sims observed defendant leave the terminal cafeteria and go to defendant's car parked across the street. As defendant attempted to drive out of the lot, Sims blocked defendant's automobile with Sims' own vehicle and placed defendant under arrest. Sims conceded that he at no time requested defendant to leave the premises on the date in question because of his prior warnings and admonitions to defendant. He could not state how recently his last prior warning had been given. It is also conceded that no one in the employ of Trailways requested defendant to leave the premises on the occasion of the arrest.
Defendant readily admitted having been warned on prior occasions not to reenter the bus terminal premises. He too, could not recall the last time such a warning had been given. He observed that he did not understand the admonitions meant he had to remain away permanently and added that an employee had told him the cafeteria was open to everyone at all times. Defendant testified he had been called by a friend who had been denied the purchase of a bus ticket for the friend's daughter because the friend was intoxicated. In response to the call defendant went to the parking lot, arriving about 1:00 A.M. He found his friend drunk in the latter's automobile. Defendant then went into the terminal cafeteria and partook of food while waiting for the friend to sober up so that defendant could converse with him and get the money to purchase the ticket his friend desired. After rousing his friend, defendant obtained the ticket money, reentered the bus station, purchased the ticket, went back to the parking lot, gave the ticket to his friend and then went to his own car to leave. As defendant was driving away, his vehicle was stopped and defendant's arrest ensued.
Defendant concedes that Sims, acting as security guard for Trailways, is an "authorized person" within the purview of subject statute. Nevertheless, it is contended that proof of a contemporaneous request or warning to leave one's premises is an essential element of the offense proscribed by subject statute. On this premise it is argued that no such request was shown and, consequently, the record shows on its face the lack of proof of an essential element of the offense, a deficiency reviewable as a matter of law. In so contending, defendant cites and relies upon State v. Allien, 366 So.2d 1308 (La.1978). It is not contended that subject statute is unconstitutional.
*500 In rejecting defendant's argument that a contemporaneous warning is an essential element of the offense charged herein, the trial court referred to but did not cite another statute which the court believed to require such a warning. Presumably the court was referring to La.R.S. 14:103.1(A)(4), Disturbing the Peace, which provides that the offense of Disturbing the Peace is committed by one who, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby, refuses to leave the premises of another when requested to do so.
We have been cited no authority on the precise question presented for resolution herein. Our independent research has failed to disclose jurisprudence on the subject. It appears that the matter is one of first impression.
We commence our discussion by noting that defendant herein is not charged with disturbing the peace or in any wise acting in an offensive, abusive, unruly or obstreperous manner. The record is clear that while on the premises of the bus company, defendant caused no incident or disturbance and was not, on the occasion, in question requested by anyone whomsoever to leave.
In our judgment, it is significant that the premises involved is a facility devoted to serving the public at large, namely a bus terminal and its accompanying facilities dedicated to serving the needs and convenience of the members of the public desiring to travel by motor bus. It is conceded that the cafeteria portion of the facility is open to all the public at all times, including persons who have no desire or intent to utilize Trailways' transportation facilities.
Equally noteworthy is the fact that the statute under review makes it an offense merely to remain on the premises of another following a request to leave even though the party asked to leave is creating no disturbance and his intentions may be entirely peaceable and lawful. Pursuant to the statute, the mere whim or wish of the owner that the other party leave, for any reason, or no reason whatsoever, gives rise to the offense if the request to leave is unheeded. In this respect subject statute varies considerably from LSA-R.S. 14:103.1(A), above.
We conclude that a logical interpretation of the statute at hand requires a reasonably contemporaneous or written request to leave as an indispensable element of the offense proscribed therein. While "reasonably contemporaneous" as applied in this instance does not necessarily mean a request immediately preceding the arrest of an alleged violation. We deem a request to be reasonably contemporaneous if given a few hours prior to the arrest, the same day as the arrest or such other pre-arrest interval reasonable under the facts and circumstances of each particular case. We expressly hold it is patently unreasonable to hold that the legislature intended a citizen with peaceful intent could be permanently and perpetually barred from the premises of a public transportation facility without a warning to leave given reasonably contemporaneously prior to arrest for remaining on the premises contrary to the wishes of the owner.
In this instance defendant had been requested on prior occasions not to return to any part of the premises. What is not shown, however, is when these warnings were given in relation to the time of the arrest. Defendant was observed on the premises by the security guard who had given at least some of the prior warnings. Despite the previous admonitions, the guard allowed defendant to remain on the premises for more than an hour without repeating the warnings or requesting that defendant leave. Under such circumstances defendant could well have reasonably concluded that the previous proscription no longer pertained.
La.Const.1974, Article 5, Section 5(C) provides that the scope of appellate review in criminal cases is limited to questions of law only. In criminal cases the Supreme Court may not consider the sufficiency of the evidence; its review is confined to the question of whether there is any evidence at all *501 of some essential element of the crime charged. State v. Alexander, 339 So.2d 818 (La.1976).
Our examination of the record discloses no proof whatsoever of the essential element of a reasonably contemporaneous request that defendant leave the premises. This presents an issue of law reviewable by this Court. Finding such a fatal defect in the proof of the commission of the alleged crime, the conviction must be annulled and set aside.
Defendant's conviction is reversed and set aside and the charge against defendant ordered dismissed.