540 So.2d 600 (1989)
STATE of Louisiana
v.
Stanley DAVIS.
No. 88-KA-750.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
*601 Dale J. Petit, Hester, for defendant-appellant.
Anthony J. Nobile, Asst. Dist. Atty., Convent, for defendant-appellee.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
Defendant Stanley Davis appeals his conviction of criminal trespassing, a violation of LSA-R.S. 14:63.
On appeal defendant asserts the evidence was insufficient to convict him of the crime charged. In addition he contends the trial judge erred in proceeding to trial when the party filing the charges failed to appear at trial to testify after being subpoenaed by the State.
In the early morning hours of April 16, 1988, Mrs. Marion Scott was at home with several of her children. Her husband, Ferral Scott, was not at home. At approximately 2 a.m., she went to one of the doors of the house to let her son enter. According to her version of the subsequent events, she then went to the bathroom where she remained for awhile. When she returned to her bedroom she observed someone with black socks and shoes under the bed. Shocked she went running into the hall screaming that someone was in her bedroom. When she turned around, after awakening her children who were sleeping, she observed the defendant standing in the hall behind her. He was dressed all in black, including black socks and shoes. Defendant was known to the Scott family and Mrs. Scott asked him, apparently in a hysterical manner, what he was doing in her house. He said he wanted to tell her something, but then apparently left the premises. When her husband returned home, Mrs. Scott told him what had occurred and he brought charges against defendant.
In defendant's version of the events, he admitted being in the Scott home that morning, but claimed Mrs. Scott's son let him in the house. He stated further that the Scotts knew him well and that he in fact had dated one of the daughters. Defendant claimed he went to the Scott home to find out if Mr. Scott was unharmed since he heard two men talking in a bar about someone getting into an accident who he thought was Mr. Scott. He told the court that Mrs. Scott was sitting on her bed when he arrived at her bedroom door but she became upset when she discovered he was there. Since she would not respond to his query about Mr. Scott, he said he asked to speak to DeAnne Scott. When he informed DeAnne about what he had heard, he stated DeAnne kept asking if her father was dead. He responded he did not know and told her to check it out. He then left the house. Defendant stated he only went to the Scotts to verify or warn them that Mr. Scott may have been in an accident.
In his first assignment of error defendant contends the evidence does not justify the verdict. He points out Mrs. Scott never asked him if her son let him in the house. Secondly, defendant claims no one told him to leave or told him he could not come on the Scott's property. Citing State *602 v. Johnson, 381 So.2d 498 (La.1980), defendant contends the failure on Mrs. Scott's part to request his departure prohibits a conviction under R.S. 14:63, criminal trespass.
R.S. 14:63 provides in pertinent part:
"A. No person shall without authorization intentionally enter any structure, watercraft, or movable.
"B. No person shall intentionally enter immovable property owned by another:
(1) when he knows his entry is unauthorized, or
(2) under circumstances where he reasonably should know his entry is unauthorized."
In assessing the sufficiency of evidence under the standards set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the reviewing court must determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. LSA-C.Cr.P. art. 821.; State v. Rosiere, 488 So.2d 965 (La.1986); State v. Jackson, 527 So.2d 1039 (La.App. 5 Cir.1988).
State v. Johnson, supra, cited by defendant, involved a statute in which a key element is entry after having been forbidden to do so (R.S. 14:63.3, "Entry on or remaining in places or on land after being forbidden"). That case is inapposite here, as the criminal trespass statute does not require a party to orally or in writing forbid entry to the person entering the property in order for the violation to occur. Under this statute, the State need only prove an unauthorized intentional entry onto immovable property owned by another under circumstances where the person entering the property knows or reasonably should know the entry is unauthorized.
The evidence produced herein shows the testimony of the State's witnesses directly contradicted defendant's version of the incident. Both witnesses stated defendant was in their home without authority and the facts show he entered the home at an hour it could be expected most people would have retired for the night. After listening to the evidence, the trial judge chose to believe the State's witnesses and it is not the function of this court to overturn factual determinations based on the credibility evaluations by the trial judge. State v. Rosiere, supra. Instead, the review of facts by the appellate court is limited to the standards set forth in Jackson v. Virginia, supra, to ensure minimal constitutional sufficiency. State v. Rosiere, supra. And, after our review, we find the evidence sufficient to convict defendant of criminal trespass.
In his second assignment of error, defendant argues the trial judge erred in proceeding to trial when the person filing the charge failed to appear at trial despite a subpoenae by the State. Defendant claims he was denied his right to confront his accuser by the complainant's absence.
The facts show Mr. Scott filed the complaint, but failed to appear at trial. The facts also show that he was not a witness to the trespass.
When asked to dismiss the case for this reason at trial, defendant's motion was denied because the district attorney stated he thought he could prove his case without Mr. Scott. As is evident from the facts of this case, Mr. Scott's testimony was not necessary either for the trial to proceed or for a conviction. Therefore, we find the trial judge did not err in proceeding to trial without Mr. Scott, the complainant.
Finally, C.Cr.P. art. 920 provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and endorsement thereon, the arraignment, the plea of the accused, the bill of *603 particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Gilmore, 522 So.2d 658 (La.App. 5 Cir.1988). After our review we find no errors patent on the face of the record.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.