558 So.2d 214 (1990)
STATE in the Interest of J.A.V.
No. 89-KA-0987.
Supreme Court of Louisiana.
March 12, 1990.
William J. Guste, Jr., Atty. Gen., John M. Mamoulides, Dist. Atty., Alison Wallis, Asst. Dist. Atty., for appellant.
George E. Escher, New Orleans, for appellee.
CALOGERO, Justice.
A fifteen year old juvenile, J.A.V., was arrested and prosecuted for violating La. R.S. 14:63.3, a statute which prohibits entering or remaining in places after being forbidden to do so.[1]
Responsive to the juvenile's oral motion to dismiss supported by arguments other than one attacking the constitutionality of the statute, the juvenile judge declared the statute "unconstitutional due to vagueness." The state appealed directly to this Court pursuant to article 5, section 5(D) of the Louisiana Constitution.
*215 For the reasons which follow we upset the district court ruling that the statute is unconstitutionally vague, but affirm the judgment below insofar as it granted the juvenile's motion to dismiss. As jurisprudentially construed R.S. 14:63.3 prohibits entering or remaining in places or on land after being forbidden to do so, either orally or in writing, only after a reasonably contemporaneous request to leave. State v. Johnson, 381 So.2d 498 (La.1980). No such contemporaneous request having been made in this case, as was evident from open file discovery and from the state's desisting from arguing otherwise, the juvenile's motion to dismiss was properly granted, although for reasons different from that given by the juvenile court judge.
On an occasion some weeks or months before September 4, 1988, the juvenile had been involved in a dispute with K-Mart store officials regarding allegations of shoplifting. Nothing came of that encounter, because the juvenile was able to produce receipts for the items in her possession. The security guards nonetheless warned her not to come back into the store. When the juvenile did in fact return to the store on September 4, she was arrested and charged with violating R.S. 14:63.3, without having first been told to leave on that occasion.
While that statute, pertinently, simply prohibits going into a store such as K-Mart after having been forbidden to do so, this Court has determined that a logical interpretation of the statute "requires a reasonably contemporaneous or written request to leave as an indispensable element of the offense." State v. Johnson, 381 So.2d at 500. A request is "reasonably contemporaneous if given a few hours prior to the arrest, the same day as the arrest or such other pre-arrest interval reasonable under the facts and circumstances of each particular case." Id.
Applying the statute as construed in State v. Johnson, it is evident that the juvenile's motion to dismiss should be and was appropriately granted,[2] for there was no reasonably contemporaneous request to leave prior to arrest in this case.
The matter of the district court's declaring R.S. 14:63.3 "unconstitutional due to vagueness" is entirely another matter. A statute is unconstitutionally vague if its meaning is not clear to the average citizen or if an ordinary person of reasonable intelligence is not capable of discerning its meaning and conforming his conduct thereto. State v. Barthelemy, 545 So.2d 531, 532-33 (La.1989); State v. Broom, 439 So.2d 357, 359 (La.1983) (on original hearing); State v. Stilley, 416 So.2d 928 (La. 1982); State v. Baron, 416 So.2d 537 (La. 1982).
The requirement that a penal statute have definiteness derives from the due process clauses of both state and federal constitutions. U.S. Const. amend. XIV, § 1; La. Const. art. I, § 2 (1974). Under these provisions, a statute must give adequate notice to individuals that certain conduct is proscribed, and it must provide adequate standards by which guilt or innocence can be determined. State v. Barthelemy, supra; State v. David, 468 So.2d 1126, 1128 (La.1984); State v. Union Tank Car Co., *216 439 So.2d 377, 384-86 (La.1983); State v. Dousay, 378 So.2d 414, 417 (La.1979); City of Baton Rouge v. Norman, 290 So.2d 865, 868 (La.1974). Further, the Criminal Code itself requires that penal statutes be strictly construed; that nothing is a crime which is not clearly and unmistakably made a crime; and that statutes be given a genuine construction according to the fair import of their words, taken in their usual sense, in context, and with reference to the purpose of the provision. La. R.S. 14:3, :7; State v. Barthelemy, supra; State v. Union Tank Car, supra; State v. Broom, supra.
Statutes are presumed constitutional, and any doubt is to be resolved in the statute's favor. State v. Brenner, 486 So.2d 101, 103 (La.1986). State v. Griffin, 495 So.2d 1306, 1308 (La.1986); Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515, 520 (La.1983); City of Lake Charles v. Henning, 414 So.2d 331 (La.1982).
The instant case comes to this court in an unusual procedural posture in that neither the state nor the juvenile argues that the statute is unconstitutional. Indeed, examining the provisions of La. R.S. 14:63.3, we conclude that the provisions are clearly worded in terms which the average person of reasonable intelligence can comprehend, give adequate notice of what conduct is proscribed, and provide adequate standards for determining guilt or innocence. Any reasonable person can understand that the statute proscribes going on, attempting to go on, and remaining on property belonging to another without authority and after having been forbidden to do so. The statute clearly describes the types of property affected and the means by which the prohibition against entry may be communicated, which this court has interpreted as requiring a reasonably contemporaneous request to leave. Since La. R.S. 14:63.3(A) is not vague, the juvenile court judge was wrong to declare it so.

DECREE
For the foregoing reasons, the judgment of the juvenile court insofar as it granted the juvenile's motion to dismiss is affirmed; the judgment of the juvenile court insofar as it declared La. R.S. 14:63.3 unconstitutionally vague, is reversed.
JUVENILE COURT JUDGMENT AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] R.S. 14:63.3. Entry on or remaining in places or on land after being forbidden

A. No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure, watercraft, or any other movable, or immovable property, which belongs to another, including public buildings and structures, ferries, and bridges, or any part, portion, or area thereof, after having been forbidden to do so, either orally or in writing, including by means of any sign hereinafter described, by any owner, lessee, or custodian of the property or by any other authorized person. For the purposes of this Section, the above mentioned sign means a sign or signs posted on or in the structure, watercraft, or any other movable, or immovable property, including public buildings and structures, ferries and bridges, or part, portion or area thereof, at a place or places where such sign or signs may be reasonably expected to be seen.
B. Whoever violates the provisions of this Section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than five hundred dollars or imprisoned in the parish jail for not more than six months, or both.
[2] This Court has determined that a motion to quash is treated much like an exception of no cause of action in civil proceedings in that evidence going to a defense on the merits is not admissible. State v. Perez, 464 So.2d 737, 739-740 (La.1985); State v. Gerstenberger, 260 La. 145, 150, 255 So.2d 720, 722 (1971). Nevertheless, a motion to quash will be granted when it appears from the indictment and bill of particulars that allegations of fact cannot conceivably satisfy an essential element of the crime. La. C.Cr.P. art. 485; State v. Legendre, 362 So.2d 570 (La.1978); State v. Guidry, 364 So.2d 589 (La.1978). A motion to dismiss in juvenile proceedings is analogous to a motion to quash found in the Code of Criminal Procedure although somewhat broader. Differing somewhat from La. C.Cr.P. art. 485, Article 65 of the Code of Juvenile Procedure provides that "[o]bjections on defects in the petition and defenses capable of determination as a matter of law ..." may be raised by motion to dismiss. Thus, defense counsel's argument is essentially that the state had no cause of action; or, even if it did, its evidence (as disclosed in open-file discovery and conceded by the state) could not establish that a "reasonably contemporaneous..." request to leave was given prior to J.A.V.'s arrest.