Dear Mr. Wooden:
On behalf of the Assessor's Association, you have requested the opinion of this office regarding House Bill 1050, which became Act 1030 of the 1993 Regular Legislative Session ("Act 1030").
Act 1030 enacts R.S. 9:2948, which statute will become effective on August 15, 1993. As set forth in Act 1030, R.S. 9:2948 will provide:
 "Notwithstanding any other provisions of law to the contrary, the buyer under a bond for deed contract shall be deemed, for purposes of the homestead exemption only, to own any immovable property he has purchased and is occupying under a bond for deed, and may be eligible for the homestead exemption provided in Article VII, Section 20(A) of the Constitution of Louisiana if otherwise qualified. The buyer under a bond for deed contract shall apply for the homestead exemption each year."
With regard to Act 1030, the Assessor's Association asks that this office examine the following questions:
1. Do the provisions concerning ownership contained in Act 1030 conflict with the provisions of this state's Constitution relative to the homestead exemption?
2. Can a homestead exemption be granted on property being purchased under a "bond for deed" contract?
Your questions require this office to examine the meaning of the word "owned", as contained within La. Const. (1974) Art. VII, Sec. 20, as we are of the opinion that ownership is an essential element that must be present for the existence of a "bona fide homestead". Attorney General's Opinions No. 86-364 and No. 84-1058. In this endeavor, we must also scrutinize the nature of bond for deed contracts, with regard to the ownership of the property which is the subject thereof.
We note that the definition of a "Bond for Deed" as set forth in R.S. 9:2941, states as follows:
 "The bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer." (emphasis added)
This definition makes it clear that a sale does not take place, and title to the property does not pass to the purchaser, until after payment of the "stipulated sum" or "installments" referred to therein. In our opinion, passage of title to the buyer is essential if the property is to be considered as "owned" by the buyer within the meaning of La. Const. (1974) Art. VII, Sec. 20.
R.S. 9:2948, as enacted by Act 1030, does not change the substantive rights of purchasers under bond for deed contracts. Such purchasers do not, by virtue of Act 1030, become true owners of the property subject to a bond for deed contract, even though Act 1030 purports to deem such purchasers to be owners "for purposes of the homestead exemption". As such, it is the opinion of this office that Act 1030 is subject to constitutional challenge on the basis that it is in conflict with the provisions of La. Const. (1974) Art. VII, Sec. 20.
We are, however, unaware of any cases which have been filed alleging the unconstitutionality of Act 1030, and our research did not reveal any reported cases which have tested the constitutionality of homestead exemptions as applied to property which is the subject of a bond for deed contract. Therefore, this office is constrained to presume Act 1030, and the statutory provision enacted thereby, to be constitutional. State in the interest of J.A.V., 558 So.2d 214 (La. 1980); Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La. 1975).
In light of the presumed constitutionality of Act 1030 and R.S.9:2948, and in the absence of a judicial determination to the contrary, it is the opinion of this office that homestead exemptions must be granted on property which is the subject of bond for deed contracts if the other essential elements necessary for a bona fide homestead, as listed in La. Const. (1974) Art. VII, Sec. 20, are met.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0323n