Dear Mr. Lynch:
Reference is made to your request for the opinion of this office regarding bridge tolls and the Crescent City Connection. Specifically, you have posed three questions for our review:
1. "Do restrictions in a 1954 Indenture and Deed of Trust (copy enclosed) that limit free passage to bridge authority employees, public police and fire and ambulance vehicles override conflicting statutes granting free passage to other groups? The Indenture and Deed of Trust was executed at the time the first span of the bridge was built. Some of the conflicting statutes were enacted before 1954, and others after."
2. "Does granting free passage to off-duty firefighters, off-duty law enforcement personnel, and students violate Article VII, Section 14, of the Louisiana Constitution?"
3. "Does the exemption contained in La. R.S. 48:972 apply to all publicly owned vehicles, as the first clause of the statute seems to say?"
In response to your first question, please be advised that it is the opinion of this office that an Indenture and Deed of Trust cannot "override" legislation that existed at the time the Indenture and Deed of Trust was executed. With regard to statutes which were enacted after execution of the Indenture and Deed of Trust, such statutes may be subject to constitutional challenge if they conflict with the obligations of the Mississippi River Bridge Authority (now the Crescent City Connection Division within the Department of Transportation and Development) in favor of bondholders. La. Const. Art. I, Sec. 23 Art. 14, Sec. 25. We are, however, unaware of any cases which have been filed alleging the unconstitutionality of any of the toll exemption statutes which apply to the Crescent City Connection, and our research did not reveal any reported cases which have tested the constitutionality thereof. Therefore, this office is constrained to presume the statutes which provide for toll exemptions for firefighters (R.S. 33:1975), law enforcement personnel (R.S.40:1392) and students (R.S. 17:157) to be constitutional. Polk v.Edwards, 626 So.2d 1128 (La. 1993); State in the interest ofJ.A.V., 558 So.2d 214 (La. 1980); Gulf Oil Corporation v. StateMineral Board, 317 So.2d 576 (La. 1975).
In response to your second question, it is the opinion of this office that statutes granting free passage to off-duty firefighters, off-duty law enforcement personnel and students would be subject to constitutional challenge in accordance with the provisions of La. Const. Art. VII, Sec. 14. Of course, as previously stated, the statutes providing for those toll exemptions must be presumed constitutional, at least until they are challenged judicially.
With regard to your third question, it is the opinion of this office that the exemption from tolls contained within R.S. 48:972
does not apply to "all publicly owned vehicles", but applies only to vehicles engaged in public mass transportation. The undersigned was advised by Mr. Louis B. Porterie (now deceased), in his capacity as counsel to the Crescent City Connection Division, that R.S. 48:972 was not intended to exempt all public vehicles and is not construed as exempting all public vehicles. Rather, the statute was intended to exempt, and has always been interpreted by the Crescent City Connection Division as exempting, only vehicles used in connection with mass transit. Indeed, the report prepared by your office entitled "Toll Exemptions — Crescent City Connection" recognizes that the Crescent City Connection Division "interprets this statute as referring only to mass-transit vehicles. It does not recognize an exemption for `any publicly owned vehicles.'" According to Mr. Porterie, R.S. 48:972 was enacted in order to make the Crescent City Connection eligible for Federal grant funds, which were utilized for the exclusive transit lanes on Bridge No. 2. We note that the report prepared by your office recognizes that the federal monies received by virtue of this exemption amount to $48,000,000.
We trust this correspondence to be of some assistance to you.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ______________________