Dear Mr. Fox,
This office is in receipt of your opinion request dated September 19, 1995. You state that several gravity drainage districts have been created in East Carroll Parish, Louisiana, and are authorized by law to call elections regarding the imposition of a 50 cent per acre charge, the funds to be used for drainage purposes. Specifically, you present the following issue for our review:
 When the Gravity Drainage Districts call an election pursuant to LSA-R.S. 38:1774, may only property taxpayers qualified as electors vote in this election, or may any qualified elector cast a vote in these elections?
LSA-R.S. 38:1774 provides:
 The governing authority ordering the election shall designate the polling places, provide the ballot boxes, ballots, valuations of property, and statement of the voters in number and amount, and fix the compensation of the election officers. It shall appoint for each polling place three commissioners and one clerk of election. Only property taxpayers qualified as electors under the constitution and laws of this state shall be entitled to vote at any election hereunder.
The qualifications of the taxpayers as voters shall be as prescribed by the constitution and the statutes without regard to sex. There shall be no voting by proxy. (Emphasis added.)
This statute is explicitly clear in its requirement that only property taxpayers who are qualified electors under the law are entitled to vote in an election held pursuant to this statute. However, such a provision is constitutionally suspect as it creates a voting classification based upon ownership of property.
As a general rule, all statutes are presumed to be constitutional. In a recent decision rendered by the Supreme Court, Polk v. Edwards, 626 So.2d 1128, (La. 1993), the court stated:
 . . . An elementary principle of statutory construction in constitutional law holds that all
statutory enactments are presumed to be constitutional. Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113 (1950); State on behalf of J.A.V., 558 So.2d 214
(La. 1990). Unless the fundamental rights or privileges and immunities of a person are involved, a strong presumption exists that the legislature in adopting legislation has acted within its constitutional authority. Board of Directors of Louisiana Recovery Dist. v. All Taxpayers, Property Owners, etc., 529 So.2d 384 (La. 1988). This presumption is especially forceful in the case of statutes enacted to promote a public purpose, such as statutes relating to public finance. Id. at 387; See United States v. Jacobs, 306 U.S. 363, 369-70, 59 S. Ct. 551, 555, 83 L.Ed. 763, 768 (1939), mot. den., 306 U.S. 620, 59 S. Ct. 640, 83 L.Ed. 1026 (1939) (`the presumption that an Act of Congress is valid applies with added force and weight to a levy of public revenue'). (Emphasis added.)
There are several cases which hold similar statutes as the one in question unconstitutional. The United States Supreme Court, in the case of Cipriano v. City of Houma, 395 U.S. 701,89 S.Ct. 1897, 23 L.Ed.2d 647 (1969), held that provisions of Louisiana law which gave only "property taxpayers" the right to vote in an election called to approve the issuance of revenue bonds by municipal utilities was unconstitutional as denying equal protection to nonproperty owners. The court questioned whether the exclusion of nonproperty owners was necessary to promote a compelling state interest. The court found that the revenue bonds were to be paid only from the operations of the utilities and were not financed by property tax revenue. Therefore, since property owners and nonproperty owners used the utilities and paid the rates, the benefits and burdens of the bond issue would fall indiscriminately on property owners and nonproperty owners alike.
In Branton v. Webster Parish School Board, 596 So.2d 840
(2nd Cir. 1992), the court held that qualified voters in a school district bond election included all registered voters, rather than just property taxpayers, even though the election concerned the issuance of bonds to be retired by an increase of ad valorem taxes on property situated in the school district. The court followed the Supreme Court's ruling in Cipriano which found that where a state statute gives the right to vote in limited purpose elections to some qualified voters, but denies it to others, the state must show that a compelling state interest exists which makes such a distinction necessary. InBranton, the court noted the legislative history of this problem:
 In 1970, the Louisiana legislature took cognizance of the constitutional problem of restricting to property taxpayers the right to vote in elections involving the incurring of debt or the levying of special taxes. During its regular session, the legislature passed Acts 1970, No. 377 which provided that should the restriction be declared unconstitutional, then the elections would be open to all qualified voters. See also Acts 1970, No. 277, which added LSA-R.S. 39:520, which contained the same provisions.
* * *
 The legislature enacted Chapter 6-A of the Louisiana Election Code in Acts 1977, No. 545, to implement Art. VI, § 22 by establishing a uniform procedure to conduct elections to authorize the issuance of bonds, the assumption of indebtedness, and the imposition or increase of taxes by a political subdivision. See LSA-R.S. 18:1281. LSA-R.S. 18:1290 provides that `[a]ll qualified electors' of a political subdivision are entitled to vote in an election on the issuance of bonds, levying or increase of a tax, or the assumption of indebtedness by the political subdivision. This statute, which constitutes the latest expression of the legislative will, further specifies that no voter shall be required to vote assessed valuation of property.
R.S. 38:1774, allowing only property taxpayers to vote on the question of an acreage tax for a gravity drainage district, was enacted in 1924 and our research does not reveal any challenge to the constitutionality of this provision. However, we must look to the latest expression of legislative will, specifically R.S.18:1281, which mandates as follows:
 The purpose of this Chapter is to implement Article VI, Section 22 of the Louisiana Constitution of 1974 by establishing a uniform procedure for the conduct of elections to authorize the issuance of bonds, the assumption of indebtedness, and the imposition or increase of taxes by political subdivisions. The procedure for elections set forth in this Chapter shall apply to and shall supersede those provisions of the Louisiana Constitution of 1921 which were continued as statutes under authority of Part II of Article XIV of the Louisiana Constitution of 1974 and existing laws of the state of Louisiana, notwithstanding any contrary provisions contained therein. However, nothing contained in this Chapter shall repeal the limitations in effect on January 1, 1975 on the authority of political subdivisions to impose or increase taxes. (Emphasis added.)
And R.S. 18:1290 provides:
 A. All qualified electors of the political subdivision ordering the election shall be entitled to vote in an election on the issuance of bonds, levying or increase of a tax, or the assumption of indebtedness by the political subdivision, and such bonds may be issued, such tax levied or increased, or indebtedness assumed if approved by a vote of a majority in number of the qualified electors voting on the proposition at such election as is provided in this Chapter. No voter shall be required to sign a ballot or vote assessed valuation of property.
* * *
In conclusion, it is the opinion of this office that all qualified electors of the gravity drainage district shall be entitled to vote in an election on the levying of an acreage tax, and no voter shall be required to vote the assessed valuation of his/her property.
I trust this adequately answers your question. Should you require further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
cc: Hon. W. Fox McKeithen Hon. Jerry Fowler