Dear Commissioner Drennan:
Reference is made to your request for an opinion of this office, on behalf of the Cash Management Review Board (the "CMRB"), regarding a lease agreement entered into by and between the Military Department and the Rapides Police Jury (the "Lease"), of property known as Esler Field.
According to your correspondence, the CMRB has been asked by the Military Department to approve its request to establish a bank account to handle the proceeds of funds in accordance with the Lease. Documentation submitted in connection with the request referenced Act 2 of the First Extraordinary Legislative Session of 2001 ("Act 2"), a copy of which is attached hereto and made a part hereof. You advise that the CMRB is concerned about approving the account submission, as it appears to the membership that Act 2 does not authorize the Lease. Rather, Act 2 refers to a cooperative endeavor agreement that results in a property transfer to the Military Department.
According to your correspondence, the Military Department advised that the Lease was entered into because there were concerns that a property transfer by the Rapides Parish Police Jury, on behalf of the Esler Industrial Development District, would violate La. Const. Art. VII, Sec.14. As you know, La. Const. Art. VII, Sec. 14 generally prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private."
Specifically, the CMRB requests our advice as to whether the Rapides Parish Police Jury may, as required by Act 2, transfer to the Military Department, by cooperative endeavor, the properties in their possession previously known as Esler Field, without violating the provisions of La. Const. Art. VII, Sec. 14.
With regard to your first question, we note that Act 2 requires a "transfer" pursuant to a cooperative endeavor, as opposed to a lease, of all of the immovable property of the Esler Industrial Development District to the Military Department of the State of Louisiana. In pertinent part, LSA-R.S. 29:33.2, enacted by Act 2, provides:
 "A. All rights, title and interest in the property and any other immovable property owned by the Esler Industrial Development District are hereby transferred to and vested in the Military Department, State of Louisiana, as a cooperative endeavor between the district and the department."
 "B. The presiding officer of the Rapides Parish Police Jury or his designee, notwithstanding any other law to the contrary, is hereby authorized and empowered on behalf of the Rapides parish Police Jury to enter into a cooperative endeavor and to execute all acts and documents necessary to effectuate the transfer to the Military Department " (Emphasis added).
Act 2 also provides that the Military Department is required to assume certain liabilities of the District, and is required to use the property transferred to it for the programs, operations, and services of the Louisiana National Guard.
Please be advised that it is the opinion of this office that if the liabilities, duties and obligations undertaken by the Military Department pursuant to Act 2 are valuable and substantial, these undertakings may offset the value of the property the Military Department receives thereby. If the value of the undertakings of the Military Department do offset the value of the property it receives, then La. Const. Art. VII, Sec. 14 is not violated.
We recognize that Act 2 may be subject to constitutional challenge, particularly if the liabilities, duties and obligations undertaken by the Military Department, on behalf of the State, are insubstantial or valueless when compared to the value of the property received. However, the case law of this state provides that legislative enactments are presumed constitutional until declared otherwise by the judiciary. Polkv. Edwards, 662 so.2d 1128 (La. 1993; State in the Interest of JAV,558 So.2d 214 (La. 1980); Gulf Oil Corporation v. State Mineral Board,317 So.2d 576 (La. 1975). This office is unaware of any cases that have been filed alleging the unconstitutionality of Act 2, and our research did not reveal any reported cases that have tested the constitutionality thereof. Therefore, this office is constrained to presume Act 2 to be constitutional.
In light of the presumed constitutionality of Act 2, and in the absence of a judicial determination to the contrary, it is the opinion of this office that the Rapides Parish Police Jury must, as required by Act 2, transfer to the Military Department, by cooperative endeavor, the properties in their possession previously known as Esler Field. The Police Jury may, of course, wish to seek judicial guidance or legislative clarification regarding this matter.
We trust the foregoing to be of assistance to you and the other members of the Cash Management Review Board. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam