BONIN, J.,
dissents with reasons.
hi respectfully dissent.
A juvenile in Louisiana is entitled to a broader appellate review for insufficiency of evidence than that provided by the Jackson v. Virginia test. See State in the Interest of D.R., 10-0405, pp. 3-5 (La.App. 4 Cir. 10/13/10), 50 So.3d 927. Thus, an appellate court in delinquency proceedings reviews both law and facts in properly evaluating the sufficiency of the evidence for an adjudication of a child as a delinquent. Under this broader review, I do not agree that a reasonable fact-finder could have determined that the prosecution established sufficient evidence of J.D.’s violation of either La. R.S. 14:63.3 or La. R.S. 14:108.
First, there is no evidence that J.D. remained after being given a “reasonably contemporaneous” request to leave. See State v. Johnson, 381 So.2d 498 (La.1980) (“... [A] logical interpretation of the statute at hand [La. R.S. 14:63.3] requires a reasonably contemporaneous or written request to leave as an indispensable element of the offense proscribed therein ...”). Sergeant Stalbert testified that he did not tell J.D. to leave the premises that day or prior to arresting him. Additionally, the apartment complex assistant manager testified that although |2she had seen J.D. at the complex the day before, but had not approached him or asked to him to leave.
Next, the prosecution failed to present sufficient evidence of criminal intent to establish a violation of La. R.S. 14:108. The Sergeant admitted that, although J.D. gave his brother’s name instead of his own, he had known J.D. for some time by his real name as well as by his fitting pseudonym, “Joker.” The Sergeant ran J.D.’s correct name through the computer and did not report having any trouble verifying the otherwise truthful information J.D. gave him. There was no evidence that J.D.’s actions actually obstructed the Sergeant from performing his duties, and neither has the prosecution sufficiently established J.D.’s criminal intent.
*159 Under our broader review of the facts in juvenile cases, the juvenile court was clearly wrong in finding that J.D. had been asked to leave in a reasonably contemporaneous manner. The juvenile court was also clearly wrong in finding that J.D. intentionally obstructed the Sergeant in his duties. Finally, the juvenile court was unreasonable in finding beyond a reasonable doubt that J.D. violated La. R.S. 14:63.8 and La. R.S. 14:108. I would reverse these findings and order that the juvenile court dismiss the petition and terminate the order of disposition.